UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICHOLAS NEAL,<br><br>               Plaintiff,<br>     v.<br>NDOC, *et al.*,<br><br>               Defendants. | Case No. 3:22-cv-00315-MMD-CSD<br><br>SCREENING ORDER |

**I.    SUMMARY**

*Pro se* Plaintiff Nicholas Neal, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The matter of the filing fee will be temporarily deferred. The Court now screens Neal's civil-rights complaint under 28 U.S.C. § 1915A.

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF COMPLAINT

In his Complaint, Neal sues four Defendants and several Doe Defendants for events that allegedly occurred while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1-4.) Neal sues Defendants NDOC, Michael Minev, Pritchett, and Christy. (*Id.* at 2-4.) Neal brings one claim and seeks monetary relief. (*Id.* at 7-13.) Neal alleges the following.

#### A.   Factual Allegations[1]

Between 7:00 and 8:00 a.m. on August 19, 2021, Nurse Christy and Nurse Practitioner Pritchett conducted a follow-up medical appointment at Neal's cell door. (*Id.* at 5, 8.) Neal was housed in an administratively segregated unit that was locked down at the time. (*Id.*) Christy and Pritchett discussed Neal's inconclusive test for Hepatitis C and his treatment options. (*Id.* at 5, 9.) When Neal told Correctional Officer Rey about what happened, Rey said that Christy and Pritchett's conduct was a "blatant HIPPA violation" and to file a grievance about it. (*Id.*) During evening pill-call, Correctional Officer Hawk

---

[1] The Court uses any job position or title that Neal ascribes to Defendants. This should not be construed as a finding about the truthfulness of those allegations.

3

said medical was aware they screwed up and it would not happen again. (*Id.*)[2] There is an exam room located in Neal's housing unit that is used for private meetings. (*Id.* at 5, 8.) Medical appointments are usually conducted around 11:00 a.m. so they do not interfere with morning feeding, which begins at 7:00 a.m. (*Id.*)

Neal filed an informal grievance about the event, which was denied. (*Id.* at 9-10.) The response was returned to Neal two months late. (*Id.* at 10.) Neal filed a first-level grievance that was also denied. (*Id.*) The reason given was that the employee in question no longer worked for the NDOC. (*Id.*) Neal filed a second-level grievance, which was also denied for that reason. (*Id.*)

Based on these allegations, Neal contends that Defendants violated his right to privacy under the Fourteenth Amendment's Due Process Clause. The Court liberally construes the Complaint as alleging a claim based on that theory of liability. The Court addresses that theory and any issues below.

### B. Neal Cannot Sue the NDOC in Federal Court.

Neal sues the NDOC, but that agency is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that the NDOC, a state agency, is immune from suit under the Eleventh Amendment). The Court therefore dismisses the NDOC from the Complaint with prejudice because amendment in federal court would be futile.

### C. Fourteenth Amendment Due Process—Medical Privacy

The Fourteenth Amendment's Due Process Clause protects individuals against the disclosure of personal matters, and "clearly encompasses medical information and its confidentiality." *Whalen v. Roe*, 429 U.S. 589, 598-99, 604 n.32 (1977); *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998). "[T]he right to 'informational privacy' applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurances that

---

[2]Rey and Hawk are not included among the Defendants listed in the Complaint, and the Court does not construe the Complaint as alleging claims against either person.

4

such information will not be made public." *Planned Parenthood of S. Ariz. v. Lawall*, 307 F.3d 783, 789-90 (9th Cir. 2002) (internal citations omitted). But that right "is not absolute; it is a conditional right [that] may be infringed upon a showing of proper governmental interest." *Id.* (quotations omitted). "The government may obtain and use medical information if its interest in obtaining the information outweighs a person's interest in privacy." *Roe v. Sherry*, 91 F.3d 1270, 1274 (9th Cir. 1996). "The government's interest in obtaining and using the information must advance a 'legitimate state interest' and the government's actions must be 'narrowly tailored to meet the legitimate interest." *Id.* (quotation omitted).

Based on the allegations, Christy and Pritchett discussed the results of Neal's Hepatitis C test and treatment options with Neal between his cell door. Neal does not allege that a third party overheard their conversation. Nor does he allege facts from which it could be inferred that a third party overheard their conversation. For example, Neal does not allege that any correctional officer or prisoner was close enough to overhear their conversation. The Court finds that these allegations are not enough to state a colorable claim that Christy or Pritchett disclosed Neal's private medical information to a third party. But it does not yet appear that Neal cannot state any set of facts upon which relief could be granted. Thus, the Fourteenth Amendment Due Process Clause claim for disclosure of private medical information is dismissed without prejudice and with leave to amend.

But to the extent Neal contends that the disclosure of his information violates the Health Insurance Portability and Accountability Act ("HIPAA"), that claim fails because "HIPPA itself provides no private right of action." *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (quotation omitted). And to the extent Neal contends that denial of his grievances or his late receipt of a grievance response constitutes a due-process violation, that claim fails because prisoners do not have a right for prison officials to process or investigate grievances in any specific way. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*,

334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest in the processing of appeals because there is no liberty interest entitling inmates to a specific grievance process). The claims under HIPAA and the Fourteenth Amendment Due Process Clause for grievance procedures are therefore dismissed with prejudice because amendment would be futile.

## IV. LEAVE TO AMEND

Because it appears that Neal could cure the deficiencies of his Fourteenth Amendment Due Process Clause claim for medical privacy, the Court grants him leave to amend to attempt to replead that claim within 30 days from the date of entry of this order. This means Neal has leave to plead true facts to show that any individual overheard the medical conversation between him, Christy, and Pritchett. But Neal does not have leave to add new claims.

If Neal chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege them in a subsequent amended complaint to preserve them for appeal). This means Neal's amended complaint must contain all claims, Defendants, and factual allegations that Neal wishes to pursue in this lawsuit. Neal should file the amended complaint on this Court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Neal must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each Defendant did to violate his civil rights.

## V. CONCLUSION

It is therefore ordered that a decision on the application to proceed *in forma*

*pauperis* (ECF No. 1) is deferred.

It is further ordered that the Fourteenth Amendment Due Process Clause claim for disclosure of medical information is dismissed without prejudice and with leave to amend.

It is further ordered that the claims under HIPAA and the Fourteenth Amendment's Due Process Clause for grievance procedures are dismissed with prejudice.

It is further ordered that Defendant NDOC is dismissed with prejudice from the Complaint.

It is further ordered that Defendants Michael Minev, C. Pritchett, and Christy are dismissed without prejudice from the Complaint.

It is further ordered that if Neal chooses to file an amended complaint curing the deficiencies of his Complaint as outlined in this order, he will file it within 30 days of the date of entry of this order. Neal should use the approved form and he will write the words "First Amended" above the words "Civil Rights" in the caption. Neal is advised that the Court will screen the amended complaint in a separate order. The screening process will take several months. But if Neal chooses not to file an amended complaint, this action will be subject to dismissal without prejudice for failure to state a claim.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1) and send Neal a copy of the Complaint (ECF No. 1-1), the approved form for filing a § 1983 complaint, and instructions for the same.

DATED THIS 1st Day of September 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE