UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICHOLAS NEAL,<br><br>　　　　　　　Plaintiff,<br>　v.<br>NDOC, *et al.*,<br>　　　　　　　Defendants. | Case 3:22-cv-00315-MMD-CSD<br><br>ORDER |

　　*Pro Se* Plaintiff Nicholas Neal brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 4). On September 1, 2022, the Court screened Neal's Complaint, dismissing one claim with prejudice and the other claim without prejudice and with leave to amend by October 1, 2022. (ECF No. 3.) The Court cautioned Neal that this action would be subject to dismissal without prejudice for failure to state a claim if he failed to timely file an amended complaint. (*Id.* at 7.) When the October 1, 2022, deadline expired, Neal had not filed an amended complaint.

　　Because the Nevada Department of Corrections inmate database stated that Neal was no longer incarcerated, the Court considered meaningful alternatives to dismissal and issued another order on October 18, 2022, granting Neal one final opportunity to file an amended complaint by November 18, 2022. (ECF No. 5.) The Court also denied Neal's application to proceed *in forma pauperis* ("IFP Application") for an inmate as moot, and directed him to either file a fully complete IFP Application for a non-inmate or pay the full $402.00 filing fee on or before November 18, 2022. (*Id.* at 2.) And the Court directed Neal to file his updated address with the Court by November 18, 2022. (*Id.*) Neal was warned that this action could be dismissed if he failed to comply by the deadline. (*Id.*) When the

November 18, 2022, deadline expired, Neal did not file an amended complaint, either file a fully complete IFP Application for a non-inmate or pay the full $402.00 filing fee, or file his updated address with the Court.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Neal's claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Neal files an amended complaint and either files a fully complete IFP Application for a non-inmate or pays the $402.00 filing fee for a civil action, the only alternative is to enter a third order setting another deadline. But the reality of repeating two ignored orders is that it often only delays the inevitable and squanders the Court's finite resources. And because the Court's mail to Neal is being returned as undeliverable, the chance that the third order would even reach Neal is low. (ECF No. 6.) Setting a third deadline is not a meaningful alternative given these circumstances. The fifth factor thus favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Neal's failure to file an amended complaint, leaving no claims pending, failure to file a fully complete IFP Application for a non-inmate or pay the full $402.00 filing fee, and failure to update his address with the Court in compliance with the Court's September 1 and October 18, 2022, orders.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Neal wishes to pursue his claims, Neal must file a complaint in a new case.

DATED THIS 5th Day of December 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE